**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

**CIVIL ACTION NO.: ___________________________**

| | | |
|---|---|---|
| Kasi Floyd Nobles Gaskins,<br><br>Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>Defendant. | ) | **COMPLAINT** |

The Plaintiff, Kasi Floyd Nobles Gaskins, hereinafter known as Plaintiff, complaining of the Defendant, United States of America, hereinafter known as Defendant, does allege the following:

**PARTIES/JURISDICTION**

1. Plaintiff is a citizen and resident of Florence County, South Carolina.

2. Defendant is the proper defendant under the Federal Tort Claims Act, hereinafter referred to as FTCA, for tort claims arising from the acts or omissions of the United States Postal Service's employees acting within the scope of their employment. See 28 U.S.C. §1346 (b)(1), 2679 (a); 39 U.S.C. §409(c). Pursuant to the FTCA, the United States is subject to suit for "injury or loss of property, or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances were the Unites States, if a private person, would be liable to the claimant in accordance with the law of the place where the

act or omission occurred." Upon information and belief, the unknown individual driving the United States Postal Service delivery vehicle that is the subject of this action was employed by the United States Postal Service and was operating the vehicle within the course and scope of her employment with them.

3. Plaintiff filed an administrative claim with the Defendant by submitting a Standard Form 95 dated November 5, 2025 to the Chief Counsel, Torts for the United States Postal Service at the USPS National Tort Center. This claim was acknowledged as received on November 13, 2025 and no additional information was requested to review the claim. That agency has not made a final disposition of the claim and Plaintiff has deemed that the agency's failure to make a disposition within six months after the claim was filed constitutes a final denial for the purposes of 28 U.S.C. §2675.

4. This Court has jurisdiction of this matter pursuant to See 28 U.S.C. §1346 (b)(1), 2679 (a); and 39 U.S.C. §409(c).

5. The acts and omissions which are the subject of this action occurred in Florence County, South Carolina.

6. That this Honorable Court has jurisdiction over the subject matter of this litigation and venue is proper in the Florence Division.

## FACTUAL BACKGROUND

7. That on March 30, 2024, at approximately 4:43 p.m., Plaintiff was operating a 2020 Nissan Pathfinder and was traveling northbound on West Sumter Street in Florence, South Carolina. An unknown employee of the Defendant was driving Defendant's motor vehicle, a delivery van, and was stopped near a mailbox on West Sumter Street. The

Defendant's vehicle was facing northbound on West Sumter Street and was partially in the road while stopped.

8. As Plaintiff approached Defendant's vehicle from the rear, she observed that Defendant's vehicle was stopped. This particular section of West Sumter Street is marked with a broken yellow line indicating it is permissible for motorists to pass if the roadway is clear. Plaintiff observed that the southbound lane of West Sumter Street was clear of traffic and proceeded to attempt to pass the Defendant's vehicle. Suddenly, and without warning, Defendant's vehicle re-entered the roadway just as the Plaintiff was attempting to pass and Plaintiff was forced to take evasive action to avoid colliding with Defendant's vehicle. In the process of swerving to avoid contact, Plaintiff lost control of her vehicle and exited the roadway and into a field striking a ditch before her vehicle came to rest.

9. The unknown employee operating Defendant's vehicle initially did not stop after the accident occurred. Upon information and belief, she later returned to the accident scene as corroborated by multiple witnesses. She is identified as an African-American female. She did not speak with law enforcement officers or emergency response personnel and left the accident scene a second time without providing her identity.

10. Plaintiff's vehicle sustained extensive property damage, and it was towed from the scene. Plaintiff also sustained serious bodily injuries as are more specifically hereinafter set forth.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
**(Negligence)**

11. Plaintiff herein realleges and reiterates all previous paragraphs as fully as if set forth in this paragraph in its entirety.

12. That the injuries sustained by the Plaintiff were caused and occasioned by the willful, wanton, reckless, careless, negligent and unlawful conduct on the part of the Defendant in one or more of the following particulars, to-wit:

(a) In failing to yield the right-of-way to Plaintiff's vehicle;

(b) In failing to keep a proper lookout;

(c) In failing to maintain proper control over the vehicle which the Defendant was driving;

(d) In driving a motor vehicle in a dangerous and improper manner without regard for the rights of others;

(e) In failing to stop after Plaintiff's vehicle ran off the roadway and leaving the scene of an accident;

(f) In failing to exercise due care.

All of the above being in violation of the laws of the State of South Carolina.

13. That as a direct and proximate cause of said negligence, wantonness, recklessness and unlawfulness on the part of the Defendant, the Plaintiff was injured in and about Plaintiff's head, neck, arms, body, back, limbs and other parts of the Plaintiff's body; that Plaintiff was rendered sick, sore, lame, and bruised and continues so to be; that all of such injuries have caused Plaintiff pain and suffering continuously to this date and the Plaintiff will suffer such pain in the future.

14. That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of the Defendant, Plaintiff sustained actual damages for her bodily injuries, including, but not limited to:

(a) The Plaintiff was committed to the care of a hospital for treatment of her injuries;

(b) The Plaintiff was confined to the care and treatment of skilled physicians and other medical providers for treatment of her injuries and will continue to receive treatment from them in the future; that Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

(c) The Plaintiff was in the past, present and will continue in the future to be put to great expense for medicine and drugs;

(d) The Plaintiff has expended large sums of money in the past and present for transportation to and from doctors' offices and hospitals and will continue to have such expenses in the future for consultations and treatment;

(e) The Plaintiff has suffered a loss of wages as a result of the injuries she received.

15. That as a direct and proximate result of the negligence, wantonness, recklessness, carelessness and unlawfulness on the part of the Defendant:

(a) The Plaintiff's automobile was extensively damaged;

(b) The Plaintiff has incurred expenses for the repair of the automobile;

(c) The Plaintiff was without the use of the automobile during the time that it was undergoing repairs;

(d) The Plaintiff's automobile will greatly depreciate in value due to its wrecked condition.

16. That as a result of the acts and omissions of the Defendant, Plaintiff has suffered actual damages to be determined by the Court.

**WHEREFORE**, Plaintiff, Kasi Floyd Nobles Gaskins, asks for judgment against the Defendant, United States of America, for an award of actual damages, the costs of this action and for such other and further relief as this Honorable Court deems just and proper.

Florence, South Carolina

October 26, 2026

*/s/ Robert D. McKissick*

**ROBERT D. MCKISSICK**
Attorney for Plaintiff
Federal ID: 7425

**ABBOTT, MCKISSICK & HOPEWELL, LLC**
1504 W. Evans Street (29501)
Post Office Box 148
Florence, South Carolina 29503
(843) 669-0089
Fax: (843) 669-0085
Email: rmckissick@amhattorneys.com